UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

THOMAS LoDICO,

                              Plaintiff,

            -against-

NEW YORK POST and NEWSPAPER AND MAIL
DELIVERERS' UNION OF NEW YORK AND
VICINITY,

                             Defendants.

------------------------------------------------------------------X

10 Civ.

**10   4222**

**Complaint And Demand For Jury Trial**

COGAN,

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 16 2010 ★
BROOKLYN OFFICE

Plaintiff, Thomas LoDico, by his attorneys, The Dweck Law Firm, complains of the Defendants and respectfully alleges to this court as follows:

1.     This is an action arising out of the breach of a collective bargaining agreement and the failure of the collective bargaining representative to adequately represent the interests of its affected member.

## JURISDICTION

2.     This Court has jurisdiction over the subject matter of this lawsuit pursuant to 29 U.S.C. §185, 28 U.S.C. §1331 and 28 U.S.C. §1343.

3.     Venue is properly laid in the Eastern District of New York because some or all of the defendants are residents of the Eastern District.

## BACKGROUND FACTS

4.     Plaintiff is an individual and a citizen of the State of New Jersey.

5. Defendant Newspaper and Mail Deliverers' Union of New York and Vicinity (the "Union") is a labor organization within the meaning of 29 U.S.C. §152, with its principal office located within the Eastern District of New York.

6. The New York Post is an employer within the meaning of 29 U.S.C. §152. Defendant New York Post engages in an industry affecting commerce, and employs more than 20 employees.

7. The New York Post is in the business of newspaper production and delivery.

8. Plaintiff is a collective bargaining unit member of the Union, and is in good standing.

9. Plaintiff commenced working for the New York Post as a Driver in September 1972.

10. When Plaintiff commenced his employment with the New York Post, he was number 41 on the Group One Seniority List.

11. Plaintiff has ascended to the position of Regular Situation Holder, and during all relevant times had held number 8 on the seniority list.

12. During all relevant times, only one of seven (7) Drivers ahead of Plaintiff on the seniority list actually drives, and as a result, Plaintiff is entitled to select one of the two most desirable routes.

13. In January 2008, after dedicating 36 years to the New York Post, Plaintiff's seniority allowed him to obtain the Bronx to Albany Route (the "Albany Route").

14. The Albany Route consists of driving 350 miles and making the following stops: Kingston News Service, which is Exit 19 on the New York Thruway; Columbia News, which is Exit 21 on the New York Thruway; and Hamilton News, which is Exit 23 on the New York Thruway.

15. Upon information and belief, the Albany Route is desirable for two reasons. First, the Albany Route is the most lucrative route because the Driver assigned is guaranteed at least 30 hours of overtime compensation each week, or $72,000.00 per year. Second the Albany Route is a "chauffer job," which means that the Driver is not required to collect any money or stop at any retail outlets.

16. On October 5, 2009, the New York Post stripped Plaintiff of the Albany Route in favor of subcontracting the work to individuals who are not part of the collective bargaining unit.

17. Subcontracting bargaining unit deliveries to non-union contractors is a direct violation of the collective bargaining agreement.

18. Plaintiff grieved the transfer of the Albany Route to non-union contractors in October 2009.

19. Plaintiff is a political opponent of the current officers of the Union, and after the breach of the collective bargaining agreement, ran for and was elected to Union office.

20. Despite having grieved the blatant violation of the collective bargaining agreement, which resulted in the loss of one of the two most desirable routes, the Union has not brought the grievance to arbitration.

21. Upon information and belief, the Union's failure to bring the grievance to arbitration is arbitrary and capricious.

22. Plaintiff has held various elected positions within the Union, and exercised his right to be a political opponent of current elected officials.

23. After issuing his grievance, Plaintiff won the election for the position of Chapel Chairman. The current elected officials supported the incumbent.

24. Although nearly a year has expired since Plaintiff grieved the transfer of the Albany Route to non-Union contractors and despite Plaintiff's demands, the Union has failed to pursue arbitration.

## COUNT ONE

25. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the complaint numbered "1" through "24" inclusive with the same force and effect as if fully set forth at length herein.

26. Upon information and belief, the collective bargaining agreement contains a grievance and arbitration procedure, which provides the exclusive means to enforce the collective bargaining agreement.

27. Upon information and belief, the Union's failure to pursue arbitration is not based on the exercise of discretion.

28. The New York Post was motivated to strip Plaintiff of the Albany Route because it could then save money by transferring the work to non-Union contractors.

29. Upon information and belief, the Union colluded with The New York Post, or at a minimum, has ignored The New York Post's blatant violation of the

collective bargaining agreement by refusing to take Plaintiff's grievance concerning the loss of the Albany Route to arbitration.

30. Upon information and belief, the failure to pursue arbitration is arbitrary, capricious and discriminatory.

31. The Union breached the duty of fair representation to Plaintiff by failing to pursue Plaintiff's grievance concerning the transfer of the Albany Route to non-Union contractors to arbitration.

32. As a direct result of the Union breach of the duty of fair representation owed to Plaintiff, Plaintiff has, and will continue to suffer damages for which judgment is demanded.

## COUNT TWO

33. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the complaint numbered "1" through "32" inclusive with the same force and effect as if fully set forth at length herein.

34. Plaintiff has been a vocal political opponent of many of the elected officials within the Union.

35. During the most recent Union election, Plaintiff ran for Union office.

36. Upon in formation and belief, many of the current elected officials within the Union supported the re-election of Plaintiff opponent in the most recent Union election.

37. Upon information and belief, the Union has failed to bring the loss of the Albany Route to arbitration is due to the fact that Plaintiff has presently opposed the agenda and activities of many of the elected Union officials.

38. Upon information and belief, the Union has failed to bring the loss of the Albany Route to arbitration is due to the fact that Plaintiff ran for elected Union office against the incumbent.

39. Upon information and belief, the failure to pursue arbitration is discriminatory/retaliatory.

40. The Union breached the duty of fair representation to Plaintiff by failing to pursue Plaintiff's grievance concerning the transfer of the Albany Route to non-Union contractors to arbitration for which judgment is demanded.

41. As a direct result of the Union breach of the duty of fair representation owed to Plaintiff, Plaintiff has, and will continue to suffer damages.

## COUNT THREE

42. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the complaint numbered "1" through "41" inclusive with the same force and effect as if fully set forth at length herein.

43. The New York Post was motivated to strip Plaintiff of the Albany Route because it could then save money by transferring the work to non-Union contractors.

44. The New York Post breached the collective bargaining agreement by transfer of the Albany Route to non-Union contractors.

45. As a direct result of The New York Post's breach of the collective bargaining agreement Plaintiff has, and will continue to suffer damages.

**WHEREFORE**, Plaintiff demands judgment as follows:

a) Against The New York Post, directing The New York Post to transfer the Albany Route back to the collective bargaining unit; together with back pay, back benefits and interest upon the foregoing sums;

b) Against the Union, awarding Plaintiff a money judgment in compensation of his consequential damages including, but not limited to, lost wages, lost benefits, other economic damages and emotional distress;

c) Against both Defendants, awarding Plaintiff a statutory attorney's fees in connection with bringing this action; and

d) Under all Counts hereinabove, granting such further and additional relief as this Court deems just and proper under the circumstances.

Dated: New York, New York
       September 14, 2010

THE DWECK LAW FIRM, LLP

By: Corey Stark (CS-3897)
*Attorneys for Plaintiff*
75 Rockefeller Plaza
New York, New York  10019
(212) 687-8200

## JURY DEMAND

Plaintiff demands a trial by jury in this action.

THE DWECK LAW FIRM, LLP

By: Corey Stark (CS-3897)
*Attorneys for Plaintiff*
75 Rockefeller Plaza
New York, New York  10019
(212) 687-8200